UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

FRGR MANAGING MEMBER LLC,                Case No. 09-11061

                               Debtor.
---------------------------------------------------------x

## ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL

      Upon the application of the above-captioned debtor ("Debtor"), requesting authorization to retain Backenroth Frankel & Krinsky, LLP, to represent the Debtor herein, and upon the Affidavit of Disinterest by Mark Frankel, Esq., and it appearing that Backenroth Frankel & Krinsky, LLP represents no interest adverse to the Debtor or its creditors herein, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED, that the Debtor be, and it hereby is, authorized to employ Backenroth Frankel & Krinsky, LLP, as its counsel as of August 12, 2009, under a general retainer, with the amount of compensation paid by the Debtor to be determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

Dated:  New York, New York
           September   , 2009

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION

s/Nazar Khodorovsky
_____
U.S. Trustee
Nazar Khodorovsky, Trial Attorney
Dated: Sept. 3, 2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

FRGR MANAGING MEMBER LLC,          Case No. 09-11061

                               Debtor.
-----------------------------------------------------------x

## APPLICATION TO RETAIN DEBTOR'S COUNSEL

FRGR Managing Member LLC, the debtor and debtor-in-possession herein (the "Debtor"), as for its application to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtor, respectfully represents as follows:

1. On March 9, 2009 (the "Filing Date"), the Debtor filed a voluntary Chapter 11 petition.

2. The Petition was filed on behalf of the Debtor by the law firm of Smith, Gambrell & Russell, LLP, however, no application was filed in the Bankruptcy Court to retain that firm as Chapter 11 counsel, and the Debtor and Smith, Gambrell & Russell, LLP have since determined that it is in the Debtor's best interests to substitute counsel.

1

3. By this application, therefore, the Debtor seeks to employ Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 489 Fifth Avenue, New York, New York 10017, as its counsel in this case.

4. The Debtor has selected BFK for the reason that the members of BFK have considerable expertise in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, and commercial litigation, among others. In addition, in connection with its engagement by the Debtor, BFK has become familiar with the Debtor's affairs. Accordingly, the Debtor believes that BFK is well qualified to represent the Debtor in these proceedings.

5. The professional services BFK will be required to render include, but are not limited to the following:

(a) providing the Debtor with legal counsel with respect to its powers and duties as a debtor-in possession in the continued operation of its business and management of its property during the Chapter 11 case;

(b) preparing on behalf of the Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required in connection with the Chapter 11 case;

(c) providing the Debtor with legal services with respect to formulating and negotiating a plan of reorganization with creditors; and

(d) performing such other legal services for the Debtor as may be required during the course of the Chapter 11 case, including but not limited to, the institution of actions against third parties, objections to claims, and the defense of actions which may be brought by third parties against the Debtor.

6. To the best of the Debtor's knowledge, BFK and its respective attorneys have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys or accountants. In that regard, BFK's initial $50,000 retainer has been paid by Mark Stern, the Debtor's managing member. The Debtor is unaware of any claims it has against Mr. Stern. Mr. Stern has been sued on personal guarantees of the Debtor's and First Republic Group Realty's obligations to Citigroup, and he has contingent claims against those entities arising therefrom. In addition, Mr. Stern is a principal of First Republic Group Corp. which has claims against First Republic Group Realty in the amount of approximately $2,000,000 based upon services performed and unreimbursed expenses incurred. Mr. Stern also has a $450,000 claim against First Republic Group Realty for unpaid compensation. Mr. Stern consents to BFK's representation of the Debtor. The Debtor consents to Mr. Stern having paid BFK's retainer. Mr. Stern intends to retain independent legal counsel to the extent necessary in these proceedings. Mr. Stern understands that BFK's duty of undivided loyalty is owed exclusively to debtor. To the best of my knowledge, there are no other facts which otherwise create nondisinterestedness, actual conflict, or impermissible potential for conflict of interest.

7. The Debtor believes that the retention of BFK in the best interest of the Debtor's estate.

8. No receiver, trustee or examiner has been appointed herein nor have any official committees been appointed in this case.

9. No prior application has been made for the relief requested herein.

WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
      August 20, 2009

                            **FRGR Managing Member LLC**

                         By:    s/Mark Stern
                                  Managing Member

AGREED AND CONSENTED TO:

s/Mark Stern, Personally
_____

# VERIFICATION

The undersigned, having reviewed the attached Application and being familiar with the facts contained therein, verifies under the penalty of perjury, that the information contained therein is complete, accurate and truthful to the best of my knowledge.

DATE: 8/20/09

                                                /s/ Moses Stern, President
                                                SIGNATURE AND TITLE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

FRGR MANAGING MEMBER LLC,					Case No. 09-11061

          Debtor.
------------------------------------------------------------x
STATE OF NEW YORK )
         ) ss.:
COUNTY OF NEW YORK )

   Mark A. Frankel, being duly sworn, deposes and says:

   1. I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 489 Fifth Avenue, New York, New York 10017. I am fully familiar with the facts hereinafter stated, and make this affidavit in support of the application to retain BFK as counsel to the above-captioned debtor (the "Debtor"), herein.

   2. I am duly admitted to practice before this Court, and will assume primary responsibility for this matter.

   3. Insofar as I have been able to ascertain, the members and associates of BFK and are disinterested parties within the meaning of § 101(14) of the Bankruptcy Code and have no interest adverse to the Debtor's estate, the estate of First Republic Group Realty, LLC, their respective creditors, or any other party in interest herein, or their respective attorneys and accountants.

   4. As set forth in the Debtor's Application to retain BFK received a $50,000 retainer from third party funds contributed by Moses Stern, the Debtor's managing member. Based upon the disclosures and acknowledgments of the Debtor and Mr. Stern, BFK believes that such payment does not otherwise make BFK disinterested or create any adverse interest. *In re Lar Dan Enterprises ,Inc.* 221 B.R. 93, 96 (Bankr. S.D.N.Y. 1998).

   5. BFK's hourly rates are as follows: paralegal time: $125, Scott A. Krinsky: $395, Mark A. Frankel: $435, Abraham J. Backenroth: $495. If BFK determines to raise its hourly rates, then BFK will notify the Court and the United States Trustee of such raise in writing. BFK also demands reimbursement for out of pocket expenses such as travel in the amount incurred, filing fees in the amount incurred, Westlaw computerized legal research in the amount incurred, photocopies at $.20 per page, and faxes at $1.00 per page.

1

6. I have read and am fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and I am sufficiently competent to handle whatever might be reasonably expected of the Debtor's counsel in this matter.

s/Mark Frankel

Sworn to before me this
20th day of August, 2009


s/Scott Krinsky
Notary Public