UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                                   Chapter 11

FRGR MANAGING MEMBER LLC,                                       Case No. 09-11061

                              Debtor.
------------------------------------------------------------x

## REPLY TO OBJECTION TO APPLICATION TO RETAIN SPECIAL COUNSEL

        FRGR Managing Member LLC, the debtor and debtor-in-possession herein (the "Debtor"), as and for its reply to the objection of the United States Trustee to the Debtor's application to retain Hoffinger Stern and Ross, LLP ("HSR") as special litigation counsel to the Debtor pursuant to section 327(e) of the Bankruptcy Code, respectfully represents as follows:

        1.      The United States Trustee ("UST") asserts that HSR should be disqualified from representing the Debtor based upon the New York Rules of Professional Conduct and Southern District of New York because HSR has represented First Republic Group Realty, LLC ("First Republic") against Citigroup, and First Republic has since become a wholly owned subsidiary of Citigroup by virtue of Citigroup's foreclosure upon the Debtor's ownership interest in First Republic.

        2.      The Debtor respectfully submits that there is no conflict in these circumstances and that the UST's argument does not hold water.

3. Motions to disqualify attorneys are disfavored in the Second Circuit. *See, e.g., Adams v. Vill. of Keesville*, 2008 U.S. Dist. LEXIS 61764, at *24 (N.D.N.Y. Aug. 8, 2008); Jones v. Winters Bros. Waste Svs., 2007 U.S. Dist. LEXIS 69460, at *5 (E.D.N.Y. Sept. 19, 2007); *Community Programs of Westchester Jewish Cmtv. Servs. v. City of Mt. Vernon*, 2007 U.S. Dist. LEXIS 37301, at *2-3 (S.D.N.Y.). Accordingly, the Second Circuit requires "'a high standard of proof on the part of one who seeks to disqualify his former counsel....'" *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791 (2d Cir. 1983) (*quoting Government of India v. Cook Industries. Inc.,*. 569 F.2d 737, 739 (2d Cir. 1978). Indeed, the Second Circuit has quoted former Chief Judge Kaufman's "oft-quoted admonition":

> when dealing with ethical principles, . . . we cannot paint with broad strokes. The lines are fine and must be so marked. Guideposts can be established when virgin ground is being explored, and the conclusion in a particular case can be reached only after a painstaking analysis of the facts and precise application of precedent.

*Board of Education v. Nvquist*, 590 F.2d 1241,1246 (2d Cir. 1979) (*quoting Fund of Funds. Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 227 (2d Cir. 1977)).

4. In this case, the UST seeks to disqualify HSR from representing the Debtor based upon the former client rule. That type of disqualification arises where the attorney is actually or potentially in a position to use privileged information gained from a former client to the advantage of a current client in violation of Canon 4 of New York's Code of Professional Responsibility.

5. With respect to this type of disqualification, "an attorney may be disqualified from representing a client in a particular case if (1) the moving party is a former

client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *Evans v. Artek Systems Corp.*, 715 F.2d 788 (2d Cir. 1983); *accord, Hempstead Video. Inc. v. Incorporated Vill. of Valley Stream* 409 F.3d 127, 133 (2d Cir. 2005).

6. In this case, there is no dispute that the first of the three elements necessary to disqualify HSR does not exist, i.e. Citigroup, the party the UST putatively seeks to protect, has not moved to disqualify HSR.[1]

7. With respect to the second element, the UST relies upon the substantial relationship between HSR's representation of First Republic against Citigroup and HSR's proposed representation of the Debtor against Citigroup. The UST, however, fails to appreciate the significance of the fact that in both instances HSR has been and will be **adverse** to Citigroup. Accordingly, Citigroup would have no basis upon which to complain that the Debtor's representation of First Republic prior to Citigroup's foreclosure prejudices Citigroup in its ongoing litigation against FRGR. There was never any actual nor any deemed attorney client relationship between HSR and Citigroup.

---

[1] Indeed, the same argument that the UST is making to disqualify HSR would also disqualify Kramer Levin from representing Citigroup, i.e., Kramer Levin has represented Citigroup against the Debtor, Citigroup now owns a former subsidiary of the Debtor, and Citigroup continues to litigate against the Debtor on the same subject matter.

3

8. By the same token, with respect to the third element, there is no threat of HSR's use privileged information obtained from Citigroup or deemed to have been obtained from Citigroup, because at the time that HSR represented First Republic, Citigroup did not own First Republic, and, therefore, First Republic and HSR had no access to any privileged Citigroup information.

9. Against this background, the UST relies on *Decora, Inc. v. DW Wallcovering, Inc.*, 899 F.Supp. 132, 136-39 (S.D.N.Y. 1995) and *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 WL 2346152, at *11 (S.D.N.Y. Oct. 19, 2004).

10. *Decora* was a patent infringement case. The plaintiff sought to disqualify the defendant's counsel because one of the attorneys employed by defendant's counsel had previously represented the plaintiff's subsidiary in connection with the same patent that the defendant sought to challenge. The *Decora* court found that there was identity of interest between the parent and the subsidiary with respect to the subject patent, that defendant's counsel, while representing the subsidiary, had access to trade secrets belonging to the Plaintiff, and that defendant's counsel was deemed to have had a attorney client relationship with the plaintiff on the same matter. 839 F. Supp at 136-137.

11. This case is distinguishable from *Decora* because, as noted above, throughout the entire period of HSR's representation of First Republic, First Republic was

adverse to Citigroup, and, therefore, no "identity of interests" existed between First Republic and Citigroup. First Republic held none of Citigroup's privileged information, and in no way could HSR be deemed to have had an attorney client relationship with Citigroup.

12. *Agilent* was also a patent infringement case. The defendant moved to disqualify the plaintiff's counsel because plaintiff's counsel had represented a company that the defendant subsequently acquired prior to the institution of the subject lawsuit. WL 2346152 at 1. The *Agilent* court denied the disqualification motion finding that plaintiff's attorneys' retention by the defendant's subsidiary was unrelated to the subject litigation. WL 2346152 at 11.

13. Essentially, the *Agilent* court engaged in the same analysis as did the *Decora* court to determine whether advice had been given to the subsidiary which could be imputed to the parent on the matter before the court, due to an identity of interests between the parties with respect to the advice that was given. Once again, the Debtor respectfully submits that HSR's representation of First Republic cannot be deemed to have been a representation of Citigroup because the parties were adverse at the time of the representation, and, therefore, the HSR neither advised Cititgroup directly or indirectly nor obtained confidential information from Citigroup.

14. In summary, the Debtor respectfully submits that at best, the UST's argument is based upon a superficial application of the disqualification elements. In the context of a disqualification motion, however, the authorities uniformly hold that the sanctity of the

attorney client relationship requires that substance must prevail over form, and in this case, the facts suggest no evidence of any disqualifying conflict.

15. Finally, with respect to the UST's suggestion of a "strict protocol" to ensure that there is no duplication of effort between HSR and BFK, the protocol that the two firms have agreed to amongst themselves is consistent with their areas of expertise. Abraham BFK will focus on Bankruptcy Code issues and litigation related thereto, and HSR will focus primarily on general litigation matters. Before work is commenced on any matter, Mr. Backenroth of BFK and Mr. Stern of HSR confer as to the division of labor to ensure that the two firms collaborate efficiently, without duplication of efforts. In that respect, the firms work together much in the same way that a bankruptcy department and a litigation department of a larger firm would work together. The only exception would involve litigation against First Republic. In addition to handling bankruptcy related matters involving First Republic, BFK will handle all First Republic related litigation matters to avoid any conflict or appearance of conflict arising from HSR's prior representation of First Republic.

16. It should also be noted that Mr. Stern, the Debtor's principal is probably more committed to controlling the administrative expenses in this case than even the UST, and HSR and BFK understand the need to work efficiently and avoid duplication of efforts. As required by the law, detailed time records will be maintained.

WHEREFORE, the Debtor respectfully requests that this Court enter an order retaining HSR, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
October 29, 2009

BACKENROTH FRANKEL & KRINKSY, LLP
Attorneys for the Debtor

By: s/Mark Frankel
489 Fifth Avenue
New York, New York 10017
(212) 593-1100