J. Joseph Bainton (JB-5934)
SMITH, GAMBRELL & RUSSELL, LLP
*Attorneys for Debtor*
 *FRGR Managing Member LLC*
250 Park Avenue, Suite 1900
New York, New York 10177
Tel: (212) 907-9700
Fax: (212) 907-9800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE

FRGR MANAGING MEMBER LLC,   Chapter 7 Case No. 09-11061
                             Judge Martin Glenn
 Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### STATEMENT OF COUNSEL FOR DEBTOR MADE PURSUANT TO 11 U.S.C. SECTION 369 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016

NOW COMES Smith, Gambrell & Russell, LLP ("SGR"), and, pursuant to section 329(a) of Title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully submits the following:

1. SGR was counsel for the debtor in the above-styled chapter 7 case (the "Debtor") at its inception. The Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code on March 9, 2009. The case was converted to a proceeding under chapter 7 of the Code on November 16, 2009.

2. On or about November 3, 2008, First Republic Group Realty LLC ("First Republic") and the Debtor engaged SGR to provide them advice and assistance in connection with the restructuring of certain cross-defaulted loans from Citigroup Global

Markets Realty Corporation ("Citigroup"). Once the restructuring efforts with Citigroup reached an impasse, and it became clear that certain property of the Debtor pledged as collateral for the loan to the Debtor from Citigroup was at risk of foreclosure, SGR continued to represent the Debtor in contemplation of and in connection with this case.

3. Pursuant to an engagement letter between First Republic and SGR, SGR was to be paid on an hourly basis for the legal services which it rendered to First Republic and the Debtor and was to be reimbursed for any costs which were expended. SGR's standard hourly billing rates effective at the petition date are set forth in Exhibit A attached hereto. In addition, First Republic and the Debtor agreed to pay to SGR a premium of $250,000 above the hourly fees due to SGR in connection with its representation of First Republic and the Debtor.

4. The services to be rendered by SGR to the Debtor in this matter included, *inter alia*, the following:

    a) Rendering advice and assistance to the Debtor in determining whether to file petition under the Bankruptcy Code, and providing the Debtor with legal advice with respect to its powers, rights, duties and obligations in these proceeding;

    b) Assisting the Debtor in preparing the petitions, schedules of assets and liabilities, statement of financial affairs, and other documents required by the Court and by the Office of the United States Trustee;

    c) Taking such legal action as is necessary to protect and preserve the property of the estates of the Debtor;

d) Representing the Debtor at the first meeting of creditors, hearings and other judicial proceedings in connection with all applications, motions, or complaints and other similar matters;

e) Advising the Debtor regarding reorganization and the plan to be proposed in connection therewith, and regarding any claims and causes of action that the Debtor may have against various parties and instituting appropriate adversary proceedings or contested matters and representing the Debtor therein with regard to such claims and causes of action; and

f) Performing any and all other legal services incident to and necessary in this proceeding.

5. SGR has assessed fees and costs in the amount of $328,711.75 for legal services performed in contemplation of and in connection with the instant bankruptcy proceeding. Because of the interdependence of First Republic and the Debtor, the entities agreed to be jointly and severally liable for SGR's fees and costs. At the commencement of the Debtor's bankruptcy case, SGR agreed to look to only First Republic and the Debtor's principal, Mark Stern, for payment of fees and expenses.

6. SGR did not receive a retainer from the Debtor or First Republic and has, to date, received no payment on account of the fees and costs set out in paragraph 5 above. SGR has no intention of making an application for payment of fees or reimbursement of expenses in connection with this case.

7. In accordance with Rule 2016(a) of the Bankruptcy Rules and section 504 of the Bankruptcy Code, no agreement or understanding exists between SGR and any other person for the sharing of compensation to be received in connection with these cases.

Upon information and belief, SGR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the interest of the estates with respect to the matters for which SGR was employed in this case.

Dated: New York New York
      April 8, 2010

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
J. Joseph Bainton (JB-5934)
250 Park Avenue, Suite 1900
New York, New York 10177
Telephone: (212) 907-9700
Facsimile: (212) 907-9800

*Attorneys for Debtor*
*FRGR Managing Member LLC*

# EXHIBIT "A"

## SMITH, GAMBRELL & RUSSELL, LLP

## 2009 STANDARD HOURLY BILLING RATES

| | |
|---|---|
| Senior Partner | $500-$745 |
| Partner | $301-$499 |
| Associate | $200-$300 |
| Paralegal Manager | $175-$205 |